By the Court.
 

 This litigation arises from a contract for Florida land. P. R. Meincke brought suit to recover the amount claimed to be due upon three promissory notes executed by John Horgan and Anna Marcus, each note being for the sum of $2,650. These notes were executed by the defendants on October 17, 1925, and interest was paid by them in May, 1926, but nothing was paid on the principal or interest thereafter. The defense against these notes was based upon the claim that the execution of the notes was induced by the representation of Meincke that they would not have to pay the notes for the reason that he would resell the property at a profit, and that when said real estate was not resold in accordance with the promise made by the plaintiff they refused to make any payments; that said statements and representations were made with the intention that the defendants should act thereon; that they not knowing anything about the value of the real estate in question signed the notes only through the representations and statements made by
 
 *390
 
 the plaintiff; and that said property had not been sold by the plaintiff in accordance with the representations made.
 

 During the trial of the case upon the issues thus presented, counsel for the defendants, upon request, were granted leave to file a second amended answer and cross-petition, which was in substantial conformity to their former pleading with the exception that they sought a reformation and rescission of their contract. After the introduction of all the evidence tendered by both parties, counsel for plaintiff made a motion for judgment, as did also counsel for the defendants. The court found that the evidence presented was not such as to warrant the reformation of contract and that no valid defense to the notes in question had been shown. Upon proceeding in error the Court of Appeals affirmed that judgment.
 

 The issue of fact presented was decided by the trial court, and the Court of Appeals found its conclusion was warranted. The proper rule as to the degree of proof applicable in such cases having been applied, the judgment of the Court of Appeals affirming the judgment of the court of common pleas must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.